In re **BERGER STEEL, Debtor.**

Bankruptcy No. 81–40420.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

June 25, 1985.

David A. Rosenthal, Lafayette, Ind., for debtor.

J. Frederick Hoffman, Hoffman & Luhman, Lafayette, Ind., for petitioning creditors.

David J. Bressler, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for Liberty Mut. Ins.

ENTRY ON MOTION TO
ABANDON ASSETS

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court upon a motion to abandon filed by Liberty Mutual

Insurance Company ("Liberty"). Liberty seeks an order requiring the Trustee to abandon certain insurance policies held as assets of the bankruptcy estate of Berger Steel Company, Inc. ("Berger Steel"). The Creditors' Committee opposes the motion. After notice to all creditors and tort claimants of Berger Steel, a hearing was held on the matter and both parties have filed briefs in support of their respective motions. No tort claimant appeared at the hearing, or responded to the motion.

Under 11 U.S.C. Section 554(b), upon request of a party in interest, the Court may order the Trustee to abandon any property of the estate which is deemed to be burdensome or of inconsequential value and benefit to the estate. The policies in question, here, are liability insurance policies under which Liberty is obligated to tender a defense and pay on behalf of Berger Steel Company in the judgments or settlements of cases arising out of occurrences covered by such policies. To date, Liberty has tendered defenses in various lawsuits, some of which have been settled subject only to the approval of this Court.

Liberty does not dispute the fact that these policies may properly be considered as assets of the estate. *See, e.g., In re Johns-Manville*, 33 B.R. 254 (S.D.N.Y. 1983). However, it does contend that despite this, the policies are of inconsequential value as well as quite burdensome to the estate and, thus, should be abandoned. This Court agrees with Liberty.

Under the policies in question, Liberty is not obligated to pay Berger Steel's "general" debts, but only those of the tort claimants whose claims fall under the policies. It is only through a judgment or a settlement that the funds which underlie the policies may be accessed. Thus, litigation of the tort actions covered by the policies has no effect on the debtor's estate except insofar as it would reduce the number and dollar amount of claims against Berger Steel. Consequently, despite the fact that the policies may properly be considered as assets of the estate, there would be no real impact on the estate were such policies abandoned.

*In re Holtkamp*, 669 F.2d 505 (7th Cir. 1982), was a case arising from a bankruptcy court sitting in Indiana. The Seventh Circuit held that the court properly ordered the automatic stay lifted as to a tort claim pending against the debtor where full financial responsibility for defense of the litigation was assumed by the debtor's insurance company and the estate of the debtor would, thus, not be affected. Here, it is undisputed that the potential amount of the judgments and settlements, as fully set out in the exhibits, in no way exceed the aggregate policy limits of $5,000,000.00 if the policies are abandoned and timely, unencumbered resolution is permitted. This was established by both the testimony and exhibits at the hearing on this matter.

With abandonment, there is no possibility of an "excess" situation in which the recovery amounts exceed the amount of policy coverage necessitating recovery from the general assets of the debtor. However, if the assets are not abandoned and the underlying tort litigation is unnecessarily protracted, the judgment creditors could very well be placed in a situation in which they are forced to compete with the general creditors. This would clearly have a substantial impact upon the estate.

It is significant to note that the situation in this case is distinguishable from *Johns-Manville, supra*, which is the most recent case to address this issue. In that case, the automatic stay imposed by 11 U.S.C. Section 362 was extended by precluding direct lawsuits against certain Manville insurance carriers. Unlike the case at bar, the facts of that case gave rise to thousands of lawsuits developed over a period of thirty to forty years. Countless coverage disputes arose and the actions involved direct actions against the insurers which, if permitted to proceed would compel debtor to expend time, effort and resources to represent its own interests, thereby reducing the estate.

Also, because of the number of cases pending which involve interpretation of the

terms of the coverage, a real risk of inconsistent verdicts exist. Furthermore, the suits against individual Manville officers, directors and employees could result in judgments against such individuals which exceed available coverage and thus there could arise a new class of creditors seeking indemnification from the estate. Were the stay not extended to cover the direct actions against Manville insurers, the end result would likely be a reduction in the recoverable value of other claims against Manville.

In this case, there are no coverage disputes and no risk that Berger Steel will be required to expend any of its assets in the litigation. Unlike the *Johns-Manville* case, the actions are not direct actions against the insurer and thus there is no conflict between the insurer and the debtor. The insurer does not need the protection afforded by the automatic stay of the Bankruptcy Code. Liberty continues to pay out on the losses sustained under the policies and thereby steps into the shoes of the debtor. Having thus supplanted Berger Steel, Liberty should not be burdened with the constraints of Berger Steel's bankruptcy. Liberty should be free to resolve pending matters in a way most beneficial to its interests and to those of the Berger Steel estate.

Based upon the foregoing, this Court finds that the policies should be abandoned, relieving the Court from expending its resources on unnecessary duties and permitting unencumbered and expeditious resolution of the pending matters.